UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE<br>1310 L Street, N.W., 7th Floor<br>Washington, D.C. 20005<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF STATE<br>2201 C Street NW<br>Washington, DC 20520<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 17-2438<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff COMPETITIVE ENTERPRISE INSTITUTE ("CEI") for its complaint against Defendant UNITED STATES DEPARTMENT OF STATE ("STATE"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a), to compel production under two FOIA requests, seeking information relating to the December 2015 Paris climate agreement, and two forerunner treaties.

2. The Paris agreement and its "legal form"[1] are the subject of great public and media interest. The U.S. has announced its withdrawal, and this action is filed as talks resume this week about the pact's enforcement terms and the U.S. role in the agreement.

3. State has failed to provide plaintiff with the requisite determination about whether the Department would comply with plaintiff's requests, as required by FOIA, and as articulated by the D.C. Circuit in *CREW v. Federal Election Commission*, 711 F.3d 180

---

[1] "Legal form" refers to the combination of what various parties refer to as "legally binding" and "non-binding" provisions in the Paris agreement to support a claim that the agreement does not require the Senate's "Advice and consent" pursuant to Article II, Section 2 of the United States Constitution.

(D.C. Cir. 2013). The D.C. Circuit held in *CREW* that within the statutory deadline of 20 working days, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Id.* at 186.

## PARTIES

4. Plaintiff CEI is a public policy research and educational institute in Washington, D.C., dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. CEI's programs include research, investigative journalism and publication, as well as a transparency initiative seeking public records relating to environmental policy and how policymakers use public resources.

5. Defendant State Department is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

7. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because plaintiff resides in the District of Columbia, and defendant State is a federal agency.

## FACTUAL BACKGROUND
**Plaintiff's FOIA requests for certain Agency records relating to the Paris Climate Treaty**

### A.  FOIA Request for Trigg Talley's Correspondence

8. On October 6, 2017, CEI requested copies of certain described correspondence sent to or from Trigg Talley and attachments in State's possession relating to a high-profile 2015 international agreement on "climate change", the "Paris climate agreement".

9. State acknowledged plaintiff's request by regular mail, assigning it tracking number F-2017-16017.

10. State declined to grant plaintiff's requests a fee waiver based on either substantial public interest or, alternatively, on the plaintiff's status as a "media entity" for FOIA purposes. State nominally addressed the substantial public interest basis, but ignored the alternative basis of "media entity." The latter is inherently arbitrary and capricious.

11. In denying plaintiff's request for fee waiver on the basis of substantial public interest, due to plaintiff's intention to broadly disseminate the documents and their relevance to the operations or activities of the government, State also misapplied the fee waiver criteria. State claimed it would determine the public interest at some later date on the basis of whether it found any records satisfying the standard, as opposed to determining whether the requested information as described would satisfy FOIA's standard for public interest.

12. State denied plaintiff's request for expedited processing, sought on the basis of plaintiff CEI's status as a media requester and the imminence of certain further developments relating to the subject of the request.

**B. FOIA Request for Alex Costello's Correspondence**

13. On October 10, 2017, CEI requested copies of certain other described correspondence to or from Alex Costello and attachments in State's possession relating to the same "Paris climate agreement."

14. State acknowledged plaintiff's request by regular mail, assigning it tracking number F-2017-16070.

15. State similarly declined to grant plaintiff's requests for a fee waiver, nominally addressing the public interest basis while again misapplying FOIA's standard, and ignoring plaintiff's request in the alternative as a "media entity." The latter is inherently arbitrary and capricious.

16. State similarly denied plaintiff's request for expedited processing, sought on the basis of plaintiff CEI's status as a media requester and the imminence of certain further developments relating to the subject of the request.

### C. State Failed to Provide a Determination as Required By FOIA

17. FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, that the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013); *accord Shermco Industries v. Secretary of U.S. Air Force*, 452 F. Supp. 306, 317 (N.D. Tex. 1978).

18. State was required to issue such determinations on requests F-2017-16017 and F-2017-16070 to plaintiff on or before November 6 and 7, 2017, respectively.

19. State has not provided either required determination in response to plaintiff's requests, either regarding fee waivers or the substance of the request.

20. Defendant State is thereby improperly denying plaintiff access to agency records in violation of FOIA.

**FIRST CLAIM FOR RELIEF**
**Duty to Produce Records – Declaratory Judgment**

21. Plaintiff re-alleges paragraphs 1-20 as if fully set out herein.

22. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

23. Plaintiff has a statutory right to the information it seeks and that defendant has unlawfully withheld.

24. Plaintiff is not required to further pursue administrative remedies.

25. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to their FOIA requests described above, and any attachments thereto, but State failed to provide them;

    b. State's response to plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy State's obligations under FOIA;

    c. State must now produce records responsive to plaintiff's requests.

### SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

26. Plaintiff re-alleges paragraphs 1-25 as if fully set out herein.

27. Plaintiff is entitled to injunctive relief compelling State to produce the responsive records.

28. This Court should enter an injunction ordering State to produce to plaintiff, within 10 business days of the date of the order, the requested records sought in plaintiff's FOIA requests described above, and any attachments thereto.

### THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

29. Plaintiff re-allege paragraphs 1-28 as if fully set out herein.

30. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

31. This Court should enter an injunction ordering the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 13th day of November, 2017,

_____/s/ Sam Kazman_____
Sam Kazman
D.C. Bar No. 946376
sam.kazman@cei.org
Competitive Enterprise Institute
1310 L Street NW, 7th Floor
Washington, DC 20006
(202) 331-1010

Devin Watkins
Va. Bar No. 91158
Application pending to the D.C. Bar
Devin.Watkins@cei.org
1310 L Street NW, 7th Floor
Washington, DC 20006
(202) 331-1010

Christopher C. Horner
D.C. Bar No. 440107
chris@chornerlaw.com
1489 Kinross Lane
Keswick, VA 22947
(202) 262-4458

Chaim Mandelbaum
D.D.C. Bar No. VA86199
726 N. Nelson St, Suite 9

Arlington, VA 22203
703-577-9973
chaim12@gmail.com

ATTORNEYS FOR Plaintiff

Case 1:17-cv-02438 Document 1 Filed 11/13/17 Page 7 of 7